29 C.C.P.A.(Patents)

### HALL v. PENNZOIL CO. et al.
### Patent Appeal No. 4594.

Court of Customs and Patent Appeals.
March 23, 1942.

Richard L. Underwood, of Washington, D. C., for appellant.

John S. Powers, of Buffalo, N. Y., for appellees.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Judge.

Harold C. Hall, hereinafter referred to as applicant, filed an application in the United States Patent Office for the registration of a trade-mark "Pennpayz" for lubricating oils and greases, alleging use since July 22, 1939.

The Pennzoil Company, a corporation of California, and the Pennzoil Company, a corporation of Pennsylvania, hereinafter referred to as opposers, filed opposition to the registration of said mark, and in their joint notice of opposition alleged a prior use of the marks "Pennzoil" and "Zoil" on lubricants and lubricating oils and greases respectively.

Applicant has conceded that the marks of the respective parties are used on goods of the same descriptive properties, and it is also conceded that the opposers are the prior users. The only question raised by the notice of opposition that needs to be considered by us is whether the marks of the respective parties are confusingly similar. Argument of both parties relating to this question will be set out as briefly as seems proper.

The Examiner of Interferences sustained the notice of opposition, holding that the marks of the respective parties were confusingly similar. Upon appeal, the Commissioner of Patents held that the mark "Pennzoil" was confusingly similar to "Pennpayz" and accordingly affirmed the decision of the Examiner of Interferences sustaining the opposition.

In support of the commissioner's decision denying registration, opposers stressed the contention, in substance, that when a purchaser desires oil he may call for "Pennpayz Oil" and that the word "Oil" when preceded with the letter "Z" will lead to confusion with opposers' mark "Zoil." It further argues that if the word "Oil" is added by the purchaser to the mark "Pennpayz" the combination of the two words will form the word "Pennpayzoil," and that, in this way, all letters in the "Pennzoil" mark, including both syllables "Penn" and "Zoil," would be used.

Opposers, according to the stipulation, also use their mark "Zoildeez" on oil for Diesel engines. The mark "Zoildeez" was not pleaded in the notice of opposition, but opposers urge this consideration on the ground that they have produced evidence of the likelihood of confusion owing to the

fact that its "Zoildeez" mark contains the syllable "Zoil" as well as a final letter "Z."

The record shows that when the mark "Pennzoil" was adopted, the letter "S" instead of its phonetic equivalent "Z" was used. Later, the letter "Z" was substituted for the letter "S." Some years ago opposers began to intensively advertise the importance of the letter "Z," referring to such advertising as "the special 'Z theme'." Such advertising in part consisted of enlarging the "Z" in the term "Pennzoil" and setting it aside for the purpose of emphasis, thus separating the syllables "Penn" and "Oil." Just why this was done is not clear, and we regard it as a matter of little importance in determining the issue presented in this case. It seems to us that opposers' contentions concerning this phase of the evidence cut both ways.

It is generally recognized that a very fine grade of lubricating oils and greases is made from "Pennsylvania crude." That it has special qualities of excellence by reason of certain components is unquestioned. The reason for so many dealers in lubricants applying the geographical abbreviation "Penn" to their product is readily understandable and the record makes it clear.

■ Opposers, in their opposition to the use by others of the term "Penn" in combination with other matter, have never, as far as we know, contended that they have a monopoly on the term "Penn." We must assume, for the purpose of this decision, that "Pennzoil" is a valid trademark, and we do not wish to intimate that it is not. Furthermore, it would seem clear that opposers are fully justified in complaining of the probability of injury resulting from the use by others of any mark which, as a whole, is so similar to opposers' mark as to be liable to lead to confusion as to the origin of the goods sold under the respective marks. Skelly Oil Co. v. Powerine Co., 24 C.C.P.A., Patents, 790, 86 F.2d 752.

The Examiner of Interferences was impressed with the fact that prospective purchasers might call for "Pennpayz Oil," and, evidently on the theory that the term "Oil" and the preceding letter "Z" would be confusing with the trade-mark "Zoil," held that there would be a likelihood of confusion.

■ The commissioner, with respect to use of the term "Pennpayz Oil," disagreed with the examiner, and stated that he did not think that the term "Oil" under such circumstances would be regarded by the customer as a part of the trade-mark. He stated that the mark "Zoil" is very different from "Pennpayz," that there would be no likelihood of confusion between the two marks, and confined his decision to the likelihood of confusion resulting from the concurrent use upon goods of the same descriptive properties of the terms "Pennpayz" and "Pennzoil." We are of the opinion that the commissioner correctly confined the determinative question of the likelihood of confusion to the two marks "Pennzoil" and "Pennpayz."

The record is replete with a showing of various marks which were used by dealers in goods like that of the parties hereto, some of which marks were sought to be registered, others of which were registered, and which have been objected to by the opposers. Where opposers were successful in some instances in stopping the use of certain alleged objectionable marks, it was upon an agreed judgment or on decision from the Patent Office tribunals from which there was no appeal taken. These matters are not very helpful in the decision of the instant issue.

When we look at the two terms "Pennpayz," which applicant contends suggests "pays to use Pennsylvania oil," and the term "Pennzoil," we see little resemblance either in meaning or sound except in the syllable "Penn" and the fact that the last syllable of each mark contains the letter "Z." But the syllables "Payz" and "Zoil" are so different in appearance and meaning that we think, as applied to oils and greases, purchasers would not likely be deceived in the origin of the goods merely because of the similarity above referred to.

■ Owing to the difference in appearance and sound of the words "Payz" and "Zoil," there is no indication that applicant in combining the syllable "Penn" and the syllable "Payz" intended to profit as a result of confusion. In other words, it seems apparent that while applicant desired to exercise its right to use the term "Penn" it purposely adopted the syllable "Payz" for the reason that no confusion would be likely to result because of its great dissimilarity with the syllable "Zoil."

For reasons hereinbefore stated, we conclude that the commissioner erred in affirming the decision of the examiner denying applicant the right to register its trademark "Pennpayz," and the commissioner's decision is reversed.

Reversed.