35 C.C.P.A. (Patents)

## STANDARD OIL CO. OF NEW JERSEY v. ALDEN SPEARE'S SONS CO.
### Patent Appeal No. 5295.

Court of Customs and Patent Appeals.
June 3, 1947.

BLAND, Associate Judge, dissenting.

———————◆———————

Thomas L. Mead, Jr., of Washington, D. C., for appellant.

John E. R. Hayes, of Boston, Mass., for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

Appellee filed in the United States Patent Office an application, Serial No. 462,-237, dated July 22, 1943, for registration of its trade-mark "Kutkon," superimposed upon the depiction of a spear, as applied to a cutting lubricant.

Appellant opposed the registration as being likely to cause confusion in trade under section 5 of the Trade-Mark Act of 1905, 15 U.S.C.A. § 85, relying upon its use of the trade-mark "Kutwell" as applied to soluble cutting oil, cutting oil and lubricating oils and greases.

The case was submitted upon an agreed statement of facts in which it is disclosed that appellant is the prior user of its mark.

The Examiner of Interferences, holding that the goods of the parties are substantially identical, was of the opinion that the only issue present involved the similarity of the respective marks. The examiner pointed out that the mark of appellant is descriptive of the character and quality of the goods to which it is applied and, while the mark of appellee contains the descriptive syllable "Kut," the mark was held, when considered as a whole, to sufficiently distinguish from the mark of appellant as to negative likelihood of confusion in trade. Therefore, he dismissed the notice of opposition and adjudged that appellee is entitled to the registration sought.

Appellant requested reconsideration of the examiner's decision, alleging that he had failed to give proper consideration to the wide use by appellant of its trade-mark and did not consider that it is so well known in the trade by reason of continued use since 1916 that it has acquired a secondary meaning as indicating origin in appellant of the goods to which it is applied; that the examiner had failed to give sufficient weight to the great volume of sales, as appears in the stipulated facts, of appellant's cutting oil under its involved trade-mark long prior to the use by appellee of the mark sought to be registered. The examiner reaffirmed his original decision,

stating that the matters alleged in appellant's request for reconsideration had been carefully considered by him.

Upon appeal the Commissioner of Patents, by Leslie Frazer, First Assistant Commissioner, affirmed the decision of the examiner. In his decision, 67 USPQ 220, the commissioner noted that appellant had used its mark since March 1916 in connection with substantially identical merchandise as that of appellee and stated he was of opinion that although appellant's mark is descriptive and hence not registrable as a technical trade-mark, it was sufficient for the purpose of bringing an opposition proceeding. He held, however, that the descriptive character of appellant's mark must be considered in judging the question of likelihood of confusion, citing Hall v. The Pennzoil Co., 126 F.2d 506, 29 C.C.P.A. (Patents) 933; The commissioner pointed out that the reasoning of the court there applies to the facts here for the reason that the only resemblance between the marks in issue is in the common descriptive symbol "Kut."

He commented upon cases cited by appellant, among which he said those most nearly in point are: Abraham & Straus, Inc. v. Truval Manufacturers, Inc., 138 F. 2d 77, 31 C.C.P.A. (Patents) 731; Marshall Field & Co. v. R. H. Macy & Co., 115 F. 2d 921, 28 C.C.P.A. (Patents) 807. He noted that in each of those cases the decision of the court was based upon a finding that the entire marks of the parties suggested character or quality of the goods and distinguished the instant case from those cited by appellant by pointing out that appellee's mark is suggestive of character or quality of its goods only with respect to the first syllable "Kut" and that the second syllable is completely arbitrary as opposed to the completely descriptive character of appellant's mark.

From the commissioner's decision, this appeal was taken.

In his brief and oral argument here counsel for appellant contends that the decision appealed from should be reversed for the alleged reason that the involved marks of the parties are confusingly similar when used on goods of the same descriptive properties; that the marks had been dissected by the tribunals below and not considered in their entireties; that proper weight had not been accorded to the fact that appellant's mark had acquired a secondary meaning; and that appellee being a newcomer in the cutting lubricant field should not be permitted to register a mark said to be quite similar to that of appellant.

It is clear that there are similarities between the marks "Kutwell" and "Kutkon" and that they are applied to goods of the same descriptive properties. It is in effect admitted by appellant that its mark "Kutwell" is essentially descriptive of the character and quality of the goods to which it is applied. The mark sought to be registered, while its first syllable would indicate its character or quality in the cutting of metal, when considered as a whole, may not properly be held to be a mark descriptive of the character or quality of appellee's goods.

We are of opinion that the decisions below did not "dissect" the marks into their component parts as contended by appellant. In the comparison of trademarks in this type of litigation it has been held many times by this court that it is proper to analyze the opposed marks as an aid to a decision as to confusing similarity. That is what was done in this case by the Examiner of Interferences and the commissioner. Using such proper analysis the tribunals below came to the conclusion that the mark of appellant is wholly descriptive and that the mark sought to be registered by appellee is descriptive only in its first syllable. When the arbitrary syllable "Kon" is added to the descriptive syllable "Kut," in our opinion the entire mark of appellee may not be considered descriptive and so differentiates from the mark of appellant that it is entitled to registration.

We find no error in the decision appealed from and accordingly it is affirmed.

Affirmed.

BLAND, Associate Judge (dissenting).

In addition to what I have said in dissenting in West Disinfecting Co. v. Lan-O-Sheen Co. (Patent Appeal No. 5284),

handed down concurrently herewith, 163 F.2d 566, which case involves the trademarks "Lustersheen" and "Lan.o.Sheen", I wish to point out that in the instant case there is an issue not presented in the other case and; as far as I know, never presented to any court before.

The record shows that the trade-mark of the Standard Oil Company of New Jersey, "Kutwell", has been used since 1916 on a tremendous volume of cutting oil and other oils and greases and that each year there is an enormous increase in the volume of goods sold under the "Kutwell" mark. It is stipulated in the record as follows: (8) The term Kutwell has been so widely used by opposer and is so well known in the trade, that the same has acquired a "secondary" meaning, indicating origin in opposer of the goods so marked.

The mark, though descriptive and not registrable under the Trade-Mark Act of 1905, is entitled to protection, and one of the ways to protect it is to oppose the registration of a similar mark where confusion might result, because registration implies the exclusive right to use.

In matters with which we are here concerned, the goods are identical—cutting oil. That "Kutkon" and "Kutwell" are so similar in sound and appearance and meaning that confusion would be inevitable if a large business was done under the "Kutkon" mark is clearly obvious. If I am wrong on the question of the similarity of the marks, practically every decision that we have ever written denying registration of similar marks was decided incorrectly.

The majority arrive at the conclusion that "Kutkon" is registrable on the specious reasoning pointed out in the case handed down concurrently herewith, hereinbefore referred to.

The majority have not considered the issue as to whether or not one with a good mark with a secondary meaning has the right to successfully oppose the registration of a similar mark where confusion would be likely to result. It is true the majority hold that there is such dissimilarity as to obviate the likelihood of confusion, but it is clear that the result is arrived at by considering the descriptive character of appellant's mark when that matter is unimportant under the stipulated facts.

The Assistant Commissioner held that opposer's mark, though non-registrable, entitled him to oppose but that, owing to its descriptive character, he was of the opinion that there would be no confusion. I know of no authority which supports that conclusion, particularly where it is conceded that the descriptive mark has acquired a secondary meaning. If the mark is a good mark and has a secondary meaning and in sound, appearance, and meaning is so similar to the mark opposed as to be likely to promote confusion, the fact that the mark is non-registrable does not make a particle of difference.

There is no authority for permitting the registration of a similar mark over an opposition based upon a descriptive mark which has a secondary meaning, and it must be remembered that it is stipulated that it has a secondary meaning and has been used for 31 years in a large volume of business. Unquestionably the "Kutwell" mark, having acquired a secondary meaning, can be protected in the equity courts and I have not the slightest doubt that the appellee can be enjoined from using its "Kutkon' mark. If this is true, it seems clear that it should not be registered.

It would be purposeless here to cite the many, many cases in which we have refused registration for marks where there was a far greater difference between them than prevails here, and if this decision becomes a precedent it will be unfortunate for the owners of valuable marks which have acquired a secondary meaning.

When it is conceded that the descriptive term "Kutwell" has acquired a secondary meaning, all reasoning with reference to its descriptive character is out of place.

Of course, under the facts of the case as presented in the instant record, in equity a district court probably can order the mark "Kutkon" cancelled from the register after enjoining its use. It certainly can do so after July 5, 1947, when the Lanham Act, 15 U.S.C.A. § 1051 et seq., becomes effective.

It seems futile, in view of the doctrine that doubts should be resolved against the newcomer, to permit the registration of this mark which is so similar to the mark "Kutwell" and is used upon identical goods.